# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Joseph Shay, also known as Mark Shay,　　　　Case No. 24-cv-3418 (PAM/DTS)

　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

Jared Rardin, Warden,

　　　　Respondent.

Petitioner Joseph Shay is a federal prisoner currently being detained at the Federal Medical Center in Rochester, Minnesota (FMC-Rochester). Shay's sentence is nearly completed. The Federal Bureau of Prisons (BOP) had told Shay that he would be recommended to serve the final six months of his sentence at a residential reentry center (RRC). *See* Pet. Ex. at 1 [Docket No. 1-1]. A few weeks before Shay's scheduled transfer date, however, the BOP informed him that it had changed its mind. The RRC to which Shay had been referred informed the BOP that placement at that facility would not be appropriate due to Shay's medical needs, which (the BOP claimed) the RRC could not accommodate. *See id.* at 8. Shay regards the BOP's about-face as unlawful, and he has filed a petition for a writ of habeas corpus challenging the decision to continue detaining him at FMC-Rochester until his release date.

This matter is before the Court on review of Shay's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

[1] Shaw's habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

After that review, this Court concludes that it lacks jurisdiction over the petition, which should be denied on that basis.

Shay contends that 18 U.S.C. § 3624(c)(1)[2] provides federal prisoners with an entitlement to transfer to prerelease custody for the final months of their terms of imprisonment:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

Particularly, Shay fastens upon the word "shall" in § 3624(c)(1) as mandating that federal prisoners not spend the final days of their sentence in a federal prison, but rather should be given an opportunity to transition back into the community. According to Shay, the BOP's decision not to place him at an RRC amounts to a violation of the affirmative obligation imposed by § 3624(c)(1).

There are two problems with Shay's claim. The first is that, despite having been raised in a habeas petition, it is not a claim for habeas relief. "When a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson v. Birkholz*, No. 21-CV-2017, 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022). A claim that a federal prisoner should sooner be transferred to prerelease custody or home confinement amounts only to an attack on the conditions of the prisoner's confinement and therefore is not cognizable on habeas review. *See Johnson*, 2022 WL 3135304, at *1 (citing *Spencer v.*

---

[2] Shay cites this provision as being 18 U.S.C. § 3632(d)(4)(C), *see* Pet. Mem. at 3 [Docket No. 4] but the language quoted by Shaw is from § 3624(c)(1).

2

*Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam)).  Put another way, a prisoner may invoke habeas corpus to allege that he should spend less time overall in BOP custody, but not to allege that he should serve part of his time in BOP custody in an RRC.

The second problem is that, even if Shay had raised his claim through the appropriate procedural vehicle, he still would not be entitled to relief.  Shay is simply wrong that § 3624(c)(1) imposes an obligation upon the BOP to place prisoners in an RRC or other prerelease custody.  Indeed, § 3624(c)(1) is itself clear that no such obligation is imposed: "[W]hile § 3624(c)(1) uses the word 'shall' here, it also qualifies that requirement with the phrase 'to the extent practicable.'"  *Gant v. King*, No. 23-CV-1766, 2023 WL 6930764, at *4 (D. Minn. July 7, 2023).  Any putative obligation imposed by § 3624(c)(1) is also cabined by other provisions, including § 3621(b), which "commits to the BOP broad discretion regarding where a federal prisoner should be placed for the duration of [his] custodial term," *Gorski v. Starr*, No. 22-CV-2346, 2022 WL 18135249, at *2 (D. Minn. Dec. 8, 2022); and § 3624(c)(4), which specifies that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."

Congress thus has decided that placement decisions are better committed to the discretion of the BOP than that of the Courts.  *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").  The BOP has exercised that authority to decide that RRC placement would not be appropriate for Shay.  This court understands that Shay is dissatisfied with the BOP's decision, but it was the BOP's decision to make.  The Court

3

lacks jurisdiction over the habeas petition, which should therefore be denied without prejudice.  So too should Shay's pending motion [Docket No. 3] for an expedited transfer away from prison be denied—again, the Court lacks jurisdiction to grant this request. Finally, Shay's pending application to proceed *in forma pauperis* [Docket No. 2] may be denied should this action be dismissed on jurisdictional grounds.  *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1.      The petition for a writ of habeas corpus of petitioner Joseph Shay [Docket No. 1] be DENIED WITHOUT PREJUDICE for lack of jurisdiction.

2.      Shay's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

3.      Shay's motion for an expedited transfer [Docket No. 3] be DENIED.

4.      This matter be DISMISSED.


Dated: September 19, 2024          ___s/David T. Schultz_____
                                   DAVID T. SCHULTZ
                                   U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).